[Civ. No. 17005. Second Dist., Div. One. Nov. 7, 1949.]

Estate of CHRISTIANNA E. PAYNE, Deceased. CORA
JAMES; Appellant, v. E. A. SPENCER et al., Re-
spondents.

Ivan J. Johnson III, Miller & Sinclair, Loren Miller and
Harold J. Sinclair for Appellant.

David W. Williams and Matthews & Williams for Re-
spondents.

DRAPEAU, J.—Christianna E. Payne died November 16,
1947. At the time of her death she had no living relatives or
next of kin. Her last will and testament dated October 20,
1947, was presented for probate. Objections were filed upon
the grounds of unsound mind and undue influence.

After trial of these issues, the court found that the testa-
trix was of sound and disposing mind and memory, but that
the will was made while she was physically and mentally
feeble and should be denied probate because of undue influence.

During the trial it developed that the decedent had made
a prior will, dated September 17, 1945. This will was intro-
duced in evidence, and admitted to probate. Upon the first

hearing on appeal, the clerk's transcript contained a copy of the petition for probate thereof, but the reporter's transcript showed no testimony in support of the allegations of the petition. Upon rehearing, by order of this court the record was augmented by a supplemental reporter's transcript containing the testimony taken May 11, 1948, in support of the allegations of the petition for probate of the will dated September 17, 1945. Therefore, it became unnecessary to remand the matter to the superior court for further proceedings proving the will.

The issues of unsoundness of mind and undue influence were well tried. The decedent was a little old lady, 83 years of age. All her life she had been frugal and industrious. For many years she was employed in a bank. Her only son died about two years before she did. This was a great shock to her, from which she never entirely recovered. And as she approached the end of her day she became more and more enfeebled, mentally and physically. She was alone in the world, dependent upon kindly neighbors, friends, and her church for human companionship, and someone to look out for her.

The 1945 will appointed her attorney executor, and left her property to several persons, with $200 to her church for a memorial. These beneficiaries were friends who were taking care of her and her property. The estate consisted of two parcels of real property and nearly five thousand dollars in cash.

The 1947 will appointed another person, not mentioned in the previous will, executrix, and left the entire estate to her. This lady appears as proponent of that will, and two of the beneficiaries under the 1945 will appear as contestants.

On the issue of undue influence the record shows the following: Proponent lived across the street from the decedent. Proponent was a real estate saleslady. Until decedent entered General Hospital in Los Angeles, September 3, 1947, there had been a casual acquaintance between them. Decedent spent three days in the hospital and went home. She was readmitted on October 4, 1947. During the three days she was at home she found a roomer there whom she feared and disliked. She also said she was afraid of the people in her house.

Proponent called on decedent at the hospital several times. She found decedent in an unhappy state of mind. Decedent thought that the beneficiaries in her then will (the 1945 will)

had caused her to be placed in the hospital, and that they were attempting to get her property away from her. And she was afraid to go home.

Proponent arranged to have decedent go to a room in the home of a lady living next door to decedent's house, and across the street from proponent's house. From that time on proponent took charge of decedent and decedent's affairs. After decedent left the hospital the second time, proceedings were commenced in the superior court to have her declared incompetent and for letters of guardianship. These proceedings were instituted by a sister of a deceased daughter-in-law. Decedent requested proponent to take decedent to the court hearings in this matter, and that proponent be appointed her guardian.

At the request of decedent, proponent secured a lawyer to prepare the will under attack. This lawyer had not previously done any legal work for decedent. Proponent also called in a doctor other than the one who had been attending the patient. Prior to the time decedent went to the hospital, her affairs had all been attended to by one of the beneficiaries of the 1945 will. Thereafter proponent collected rentals from decedent's houses and paid decedent's bills.

The court found against the proponent on the issue of undue influence, and the evidence substantially supports the finding. As stated in *Estate of Teel*, 25 Cal.2d 520, 526 [154 P.2d 384], "The trier of fact is the sole judge of the credibility and weight of the evidence in a will contest the same as in any other case." While all of the evidence should be examined by a reviewing court, it is not to be weighed. All of the evidence favorable to the respondent must be accepted as true, and if the evidence so viewed is sufficient as a matter of law, the judgment must be affirmed. (*Estate of Teel, supra.*) From the testimony in this case the judge was empowered to draw the inferences: (a) That there was a confidential, fiduciary relationship between proponent and decedent; (b) that the decedent was feeble in mind and body; and (c) that the proponent controlled and directed the testamentary act. (See *Estate of Brown*, 89 Cal.App.2d 496 [200 P.2d 888].)

The judgment rejecting probate of the will dated October 20, 1947, and the order admitting the will dated September 17, 1945, to probate, and for letters testamentary, are affirmed.

Doran, J., concurred.

WHITE, P. J.—I concur. I am satisfied that the evidence in the case at bar entitled the trial court to find that a confidential relationship existed between the testatrix and appellant, coupled with activity on the part of the latter in the preparation of the will, and from which a presumption of undue influence arose. This I say because, notwithstanding appellant's admission that the testatrix told her, "You get in touch with Attorney Williams, because whenever I want any legal matters taken care of he is the one that takes care of them," appellant nevertheless called another attorney of her own selection to prepare the will, and admitted that she knew in advance that the attorney she contacted was going to prepare the will so that it would leave her sole beneficiary thereunder. Appellant also paid the attorney in question for his services in preparing the will, had talked with the testatrix about making a new will, and was present at its execution. Attorney Williams, above referred to, had been the attorney for the testatrix since 1940. These and other evidentiary facts not necessary to here narrate, in my opinion, make the question of undue influence in the case at bar one of fact for determination by the trier of fact.